FILED

2015 Sep-15  PM 11:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHER DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SANTANO KELLEY, | ) | |
| and MARY PHILLIPS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 2:13-CV-01012-MHH |
| v. | ) | |
| | ) | |
| CITY OF FAIRFIELD, ALABAMA, a | ) | |
| Municipal Corporation; | ) | |

_____

## PLAINTIFFS FOURTH AMENDMENT COMPLAINT WITH PARTY ADDED
_____

COMES NOW the Plaintiff, SANTANO KELLEY, (hereinafter sometimes also referenced as "Plaintiff Kelley"), and files his 'Fourth Amended Complaint' against Defendant, CITY OF FAIRFIELD.

In amending his *Complaint* filed herein, Plaintiff Kelley hereby seeks TO JOIN as a PLAINTIFF, MARY PHILLIPS, an Individual also impacted by the Offensive Ordinance made the basis of the underlying Cause.

## INTRODUCTION

Plaintiffs bring this action seeking declaratory relief, injunctive relief, and damages to redress deprivations by the Defendant, acting under color of state law, of certain rights secured to the Plaintiffs as alleged herein under the United States Constitution and the State of Alabama Constitution. This action challenges the constitutionality of the CITY OF FAIRFIELD, ALABAMA, ORDINANCE 878 (hereinafter "Ordinance").

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Santano Kelley is now, and at all relevant times herein this complaint, a resident citizen of the City of Fairfield, within Jefferson County Alabama.

2. Plaintiff Mary Phillips is now, and at all relevant times herein this complaint, a resident citizen of the City of Fairfield, within Jefferson County Alabama.

3. Defendant City of Fairfield ("City of Fairfield") is a municipal corporation formed in and existing within the State of Alabama, located in Jefferson County. The City via its City Council has the right, power, privilege and authority to adopt, enforce and police its ordinances, and do perform all of the acts pertaining to its local affairs surrounding enforcement of Fairfield City law. In this action, the City's law is challenged as set forth herein.

4. Defendant City of Fairfield employed police officer LEON DAVIS ("Davis"), police officer JULIUS HUNTER ("Hunter"), police officer KELVIN DUDLEY ("Dudley") and other police officers to enforce it laws. Defendant City of Fairfield, Alabama is legally responsible for the

Customs, Policies, and Practices of its Police Department and its Policy-maker which resulted in and were a proximate Cause of the Violation of the clearly established Constitutional Rights of Plaintiff Kelley and Plaintiff Phillips as guaranteed to them under and pursuant to the U.S. Constitution, Federal Statutes, and Case Law.

5.  The actions of Defendant, as described herein this complaint and as styled above, occurred within Jefferson County, Alabama, and constitute "state action" as that term has been interpreted by relevant case law.

6.  This action is brought pursuant to 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 1988. Jurisdiction is founded upon 28 U.S.C.A.§ 1331 and 28 U.S.C.A. § 1343. Pendant and supplemental jurisdiction is invoked for this court to decide claims that may arise under state law.

7.  Venue is properly brought in the Northern District of Alabama Southern Division pursuant to 28 U.S.C.A. § 1391(b).

FACTUAL ALLEGATIONS

8.  On or about May 27, 2011, Plaintiff Kelley was notified by a

neighbor/plaintiff, Ms. Mary Phillips, that Officers of the Fairfield Police Department was at a "private lot" located at or near the corner of 58th Street and Avenue C in Fairfield, Alabama seemingly in the process of seizing and towing vehicles owned by Plaintiff Kelley and Plaintiff Phillips located at said private lot.

9. At that time, Plaintiff Kelley, in his wrecker, drove over to the lot to inquire of the Officers' presence and learned that Officer Julius Hunter and Officer Kelvin Dudley with the Fairfield Police Department, indeed were attempting to seize and tow Plaintiff Kelley's vehicles as well as Plaintiff Phillips vehicle from said "private lot."

10. Plaintiff Kelly objected to and protested to the seizure and removal of all vehicles and likewise informed the officers that they were not allowed on the property.

11. Plaintiff Kelley explained the Defendant Hunter and Dudley that he had permission to utilize the property and that they should not be towing the vehicles.

12. Plaintiff Kelley then attempted to remove a vehicle by hooking it to his wrecker.

13. Upon his attempt to remove a vehicle, Officers Hunter and Dudley arrested Plaintiff Kelly for "Obstruction of Government Operations".

14. Plaintiff Kelly was cuffed, arrested, charged and jailed at the City of Fairfield by Defendants.

15. Plaintiff Kelley thereafter made bond on the charge of "Obstruction of Government Operations."

16. Plaintiff Kelly was ultimately found "NOT GUILTY" of the crime of Obstructing Governmental Operations.

17. As a result of the incident all vehicles on the private lot was seized, towed and ultimately disposed of by a third party, which included vehicles owned by both Plaintiffs.

18. Plaintiff Kelley received no post seizure notice related to his vehicles.

19. Plaintiff Kelley received no pre disposal notice related to his vehicles.

20. Prior to the City towing Plaintiff Kelley's vehicles he received no citation

related to the vehicles.

21.  Plaintiff Kelley received no post seizure notice related to his vehicles.

22. On or about two weeks after the vehicles were towed Plaintiff Kelley went to the tow company to get the vehicles only to discover that the all of cars towed that day had been sold.

23. Neither Plaintiff Kelley nor Plaintiff Phillips was given notice of the sale.

24. Plaintiff Phillips received no pre disposal notice related to his vehicles.

25. Prior to the City towing Plaintiff Phillip receive no citation related to her vehicle.

26. At all relevant times herein, Defendants Davis, Dudley and Hunter acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the state of Alabama and the City of Fairfield.

27. Specifically, at all relevant times herein, Defendants Davis, Dudley and Hunter set out to enforce Fairfield City Ordinance Number 878, which was enacted and adopted on April 5, 1993 by the City of Fairfield by and

though its governing body, the City Counsel.

28. The Ordinance in question reads in identical fashion to that of the Alabama Abandon Motor Vehicle Statue, Chapter 13 of the Alabama Code of 1975, except inserted language as follows:

> "…Section 4 Disposition or Wrecked or Discarded Vehicles No person in charge or control of any property within the City whether as owner, tenant, occupant, lessee, or otherwise, shall allow any partially dismantled, non-operating, wrecked junked, or discarded vehicles to remain on such property longer than seventy-two hours; and no person shall leave any such vehicle on any property within City for a longer time than seventy-two hours;..."

> "Section 5 Impounding The Chief of Police or any member of his Department designated by him is hereby authorized to remove or have removed any vehicle left at any place within the City, which reasonably appears to be in violation of this Ordinance or lost, stolen or unclaimed. Any vehicle so taken up and removed shall be stored in a suitable place provided by the City…"

29. The Ordinance 878 here in question was enacted and adopted by the Fairfield City Counsel. That Ordinance is unconstitutional, and therefore illegal and void in that it allows the Police to enter any property and remove any vehicle, in violation of the provisions of the U.S. and Alabama Constitution.

30. Defendants neither had expressed or implied permission to enter, possessed a warrant nor had an emergency reason at the time they entered the "private lot," where the harm in this case occurred, for the purposes of

seizing and towing vehicle upon said lot.

31. Plaintiffs "sufficiently allege that the City under the Ordinance has a policy, custom, or practice of arresting, citing, harassing and otherwise interfering with property owners from engaging in the ordinary and essential activities of daily life on private property.

32. The Plaintiffs "seek both declaratory and injunctive relief from the City's unlawful practices."

GENERAL ALLEGATIONS

33. The terms of the City's Ordinance, and the actions of Defendants under color of state law, has deprived, and continues to deprive, Plaintiffs of their constitutional and civil rights.

34. As a direct and proximate result of the adoption of the City's Ordinance, Plaintiffs have lost opportunities to exercise their constitutional and civil rights.

35. As a direct and proximate result of the adoption of the City's Ordinance, Plaintiffs are uncertain and unsure of their ability to exercise their

constitutional and civil rights and as a result Plaintiffs have forfeited and

lost opportunities to exercise their constitutional and civil rights.

36.35. Plaintiffs have been damaged by the deprivation of their rights

guaranteed by the United States Constitution and State of Alabama

Constitution.

37. Plaintiff are uncertain whether their property will be seized, fines issued or

arrested, incarcerated in the future without undue governmental intrusion

while attempting to exercise their constitutional and civil rights within the

City.

38. The threat of future arrests and fines is both great and immediate.

39. The future chilling of Plaintiffs' rights is an absolute certainty unless and

until this Court grants the injunctive and declaratory relief requested herein.

40. Defendants have chilled Plaintiffs' constitutional and civil rights to the

point that Plaintiffs fear of property seizure, fines imposed, arrest and/or

incarceration while exercising their constitutional and civil rights.

41. Plaintiffs wish to continue exercising their constitutional and civil rights,

and have specific and concrete intentions to continue engaging in the exercise of their constitutional and civil rights including activities prohibited by the Ordinance, but they are fearful of property being seized, fines imposed or being arrested and/or incarcerated for exercising their constitutional and civil rights.

42. The violations of Plaintiffs' constitutional and civil rights alleged herein have caused, and will continue to cause, Plaintiffs to suffer extreme hardship, actual and impending, irreparable injury and damage.

43. Plaintiffs currently suffer from the denial of rights guaranteed by the United States and State of Alabama Constitutions because of Defendants' actions taken under color of law pursuant to official acts of Defendants.

44. There is a substantial likelihood that Plaintiffs will prevail on the merits in this case because the City's Ordinance, actions and practices, constitute an abridgement of their constitutional and civil rights.

45. The harm to Plaintiffs outweighs any subjective harm to the Defendants.

46. The public interest is benefited when constitutional and civil rights are protected by the Courts.

47. Plaintiffs have no adequate remedy at law at this time to correct the continuing deprivations of their many cherished constitutional liberty.


COUNT I

THE ORDINANCE AND DEFENDANT ACTIONS VIOLATED THE
FOURTH, FIFTH AND FOURTEENTH AMENDMENT TO THE UNITED
STATESCONSTITUTIONAND THE ALABAMA CONSTITUTION

48. The averments of paragraphs 1-47 are repeated and realleged in full force and effect as if repeated in their entirety herein.


49. The Fourth and Fifth Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, and Article I, Section 1, 5, 6, 22 of the State of Alabama Constitution, prohibits making and/or enforcing any law unconstitutionally seizing property and disposing of it without due process of law.


50. The City's Ordinance and Defendants' actions impede Plaintiffs' right to exercise dominion over its property without interference of City because of vagueness, lack of due process and by granting unfettered discretion to Defendants and their officials, agents and employees to deny Plaintiffs'

right not to be deprived of property without due process and serve no rational, substantial or compelling interest.

51. The City's Ordinance is unconstitutional on its face because it creates unconstitutional restraint on citizen from being deprived of property, without due process of law.

52. The City's Ordinance does not contain necessary procedural standards, safeguards, or definitions to protect citizens form being deprived of its property without due process of law.

53. The City's Ordinance permits an individualized assessment and is not neutral or generally applicable.

54. The City's Ordinance is unconstitutionally vague and fails to provide notice of conduct and allows for arbitrary enforcement.

55. Plaintiffs were deprived of their right under the Fourth, Fifth and Fourteen Amendment and of rights in Article I § 1, 5,6 and 22 of the State of Alabama Constitution, that provides for due process under the law and right not to have property seized without reasonable cause from private property as permitted by the City's Ordinance in violation of the United States

Constitution and the State of Alabama Constitution.

56. Plaintiffs have been, and continue to be, deprived of their right under the First Amendment and Article I § 1, 5,6 and 22 of the State of Alabama Constitution, to not be deprived of its property without due process in violation of the United States Constitution and the State of Alabama Constitution.

57. Plaintiffs have suffered damages as a result of Defendants' deprivation of their rights.

58. Defendant City of Fairfield, and had 'Final Policy Making' authority, over the City of Fairfield Law Enforcement Practices, and Police Seizures of Personal Property located on private property.

59. Davis, in the Capacity of the Police Chief and 'Final Policy Maker' for the City of Fairfield acted under "Color of State Law."

60. Plaintiffs suffered Violations of his Federally-protected Rights not to not to have his Property unlawfully seized.

61. The above-described deprivations of Plaintiff's Federally-protected

Constitutional Rights resulted from the seizure and disposal of personal property.

62. Ordinance 878 which was being enforced by the City of Fairfield and its Police Department, pursuant to which defendants Hunter and Dudley entered upon private property immediately seizing any and all vehicles that appeared to be "junk" as determined by their on unqualified interpretation.

63. By seizing Plaintiffs vehicle, without first providing notice of a violation, and an opportunity to be heard on the question of an alleged violation, defendants City of Fairfield, Davis, Hunter and Dudley deprived Plaintiff Kelly of his property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

64. As a direct and proximate result of the unlawful and unconstitutional Acts of City directed to Plaintiffs was caused to suffer Mental and Emotional Trauma, Anguish, Anxiety, Emotional Distress, and Damages.

WHEREFORE, Plaintiffs respectfully request that this Court grant the equitable and monetary relief requested in the amount of $500,000.00.

COUNT II

DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
DECLARATORY RELIEF

65. The averments of paragraphs 1-64 are repeated and realleged in full force and effect as if repeated in their entirety herein.

66. An actual controversy has arisen between Plaintiffs and Defendants in that Plaintiffs contend that, as a direct and proximate result of Defendants' adoption of the City's Ordinance, Plaintiffs have been irreparably harmed in that Defendants' actions are hostile to a reasonable interpretation of the law as it pertains to the right not be deprived of personal property without due process of law.

67. Plaintiffs wish to continue engaging in their rights to Freedom to place personal property upon its land and have a specific and concrete intent to continue engaging in this activity as they have in the past, but they are fearful of Defendants' future adverse actions against Plaintiffs for exercising their protected constitutional and civil rights.

68. Plaintiffs desire a judicial determination of the rights and duties of the respective parties under the United States and State of Alabama Constitutions based upon the text of the City's Ordinance, and a judicial

declaration that Plaintiffs' Due Process, procedural and substantive rights are protected by the United States and State of Alabama Constitutions, and a finding that the City's Ordinance on its face, violates Plaintiffs' rights.

WHEREFORE, Plaintiffs respectfully request that this Court grant the equitable relief and monetary damages of $500,000.00 as required.

## NATURE OF RELIEF

69. Plaintiff adopts and incorporates by reference Paragraphs 1 through 68 of this Complaint as if set forth in full.

70. This action seeks declaratory and injunctive relief against the City of Fairfield officials' enforcement of City Ordinance 878, which allows the City of Fairfield and/or its Police Department to enter private property, unannounced, without permission and without a valid warrant, for the purposes of examine motor vehicle(s) with the goal of classifying said vehicle(s) as a "junk versus a non-junk car."

71. An actual controversy now exists between Plaintiff and Defendants as to whether Defendants' seizure policies, which provide for the seizure of motor vehicles without prior notice having been given to their owners and

without said owners having a right to contest the seizure in a hearing of any sort, violate due process of law as guaranteed by the United States and Alabama State Constitutions.

72. The Defendant City of Fairfield has expressly incorporated and/or adopted Ordinance 878 and, as a custom and practice has enforced said Ordinance by entering private property, without permission, without a valid search warrant and/or without exigent circumstances fro the purpose of examining so called "junk vehicles" parked upon private property.

73. The Plaintiff contends that the Actions of the Defendants, in enforcing Ordinance Number 878, deprived him of rights guaranteed under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and the Alabama Constitution. In enforcing Ordinance Number 878, the Defendant made unjustified determinations regarding the condition of private vehicles on   private property, including that of the Plaintiff.

74. Sufficient Notice was neither given to property owners nor were property owners given the opportunity to be heard regarding the condition of their vehicles parked on their private property, in cases where the Defendant deemed such vehicles to be "junk cars."

75. The Defendant, City of Fairfield adopted in Ordinance Number 878, with a constitutionally impermissible purpose of seizing the Private Property of the Plaintiff and Private Property of other Citizens, without "Due Process of Law;"

76. This lawsuit, inter alia, seeks the Declaratory Judgment that City Ordinance 878 is prima facie unconstitutional as written as well as unconstitutional as applied to the citizens of Fairfield Alabama. The suit further seeks and to enjoin the enforcement of the Ordinance with respect to these citizens. This City Ordinance imposes upon citizens a severe and undue burden on the fundamental right to possess its private property without undue interference, which violates their Fourth Amendment, Fifth Amendment and the Fourteenth Amendment of the United States Constitution and the Alabama Constitution.

77. Plaintiff Kelley has no plain, speedy, or adequate remedy at law, and for that reason, seeks injunctive relief.

78. . The harm to Plaintiffs is not fully compensable with money damages.

79. The harm to Plaintiffs outweighs any subjective harm to the Defendants.

80. The public interest is benefitted when constitutional and civil rights are protected by the Courts.

81. Unless restrained and enjoined by this Court, Defendants will harass and threaten to arrest Plaintiffs for exercising their constitutional rights.

82. Unless the court issues an appropriate declaration of rights, the parties will not know whether Defendant's seizure policy complies with the due process clauses of the United States and Alabama State Constitutions, and there will continue to be disputes and controversy surrounding Defendants' abandoned car seizure policy. In addition, thousands of motor vehicle operators in the City of Fairfield may potentially be illegally deprived of their property for an extended period of time based on false claims, with no opportunity for a reasonably prompt hearing at which they can establish whether seizes is proper.

83. The denial of Plaintiff's Due Process Rights under the Fourth Amendment, Fifth Amendment and Fourteenth Amendment concerning the Seizure of Plaintiff's Personal Property, represented a clear Violation of Plaintiffs' Federal Constitutional Rights.

WHEREFORE, THE ABOVE AND FOREGOING PREMISES CONSIDERED, the Plaintiffs aver that, as a proximate result of aforesaid Policy of said Defendants, Plaintiffs suffered Violations of his clearly established Constitutional Rights described above and significant Emotional and Physical Injuries and Damages.

MOREOVER, WHEREFORE PREMISES CONSIDERED, Plaintiffs demand, against Defendant, the City of Fairfield, Alabama, Compensatory Damages, Punitive Damages, Attorney Fees, Expenses, Costs, and any other or different Relief, which the Court may deem equitable, appropriate and just, given the facts and circumstances of this Case, in an amount as determined by the Court.

WHEREFORE, THE ABOVE AND FOREGOING PREMISES CONSIDERED, the Plaintiffs hereby pray that the Court enter a Declaratory Judgment, determining that the enforcement of City Ordinance Number 878 violates the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and that the City of Fairfield does not have the right to enter private property to seize personal property without "due process of law."

FURTHER and MOREOVER, Plaintiff Kelley requests the following:

Immediate issuance of a temporary restraining order, followed by a preliminary injunction, and ultimately by a permanent injunction requiring defendants to:

a) Prevent further enforcement of City Ordinance 878 against Plaintiff Kelley;

b) Return unlawfully seized motor vehicle(s) to Plaintiff if not already returned;

c) Refund to Plaintiff Kelley the towing and storage charges, fees and any other related expenses that Plaintiff Kelley was required to pay in order to obtain the release of his unlawfully seized motor vehicles and or expenses related to seizure of said motor vehicle; and

d) Prevent Defendants from enforcing their present seizure policy unless and until defendants provide pre-seizure notice and hearing procedures such as comport with the requirements of the due process clauses of the United States and Alabama State Constitutions;

e) A declaration of rights stating that Defendants' seizure procedures, as described in this complaint, violate the due process clauses of the United States and Alabama State Constitutions;

f)  An award of damages under State and Federal Constitutional due process clauses and under 42 U.S.C.A. § 1983, fully compensating plaintiff for the damages suffered as a direct and proximate result of defendants' unjustified summary seizure of plaintiff's property and disposal thereof;

g)  Grant Plaintiffs an award of nominal and/or compensatory and/or special and/or exemplary damages in an amount to be determined based upon Defendants' willful, wanton, malicious, callous and/or deliberate indifference to Plaintiffs' rights;

a)  An award of costs, including reasonable attorney fees, pursuant to Alabama State Law and 42 U.S.C.A. § 1988; and

b)  Such other and further relief as the court finds proper.

PLAINTIFFS DEMANDS JURY ON ANY TRIABLE ISSUES

Respectfully Submitted,

JULIAN HENDRIX
ASB-2630-L74H
Attorney for Plaintiff Kelley

Post Office Box 856
Fairfield, AL 35064
Office Phone: (205) 453-4536 ext. 101
Cell Phone: (205) 746-7206
Fax: (205) 453-4537
Email: jnhx@bellsouth.net


ATTORNEYS FOR THE DEFENDANTS

THOMAS S. HALE, ESQ.
thale@halesides.com
RICHARD D. WHITAKER, ESQ.
thale@halesides.com

HALE SIDES, LLC
505 20th Street North, Suite 600
Birmingham, Alabama 35203